UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN DOBSHINSKY, | No. C 09-3256 MHP (pr) |
| Petitioner, | **ORDER** |
| v. | |
| H.D.S.P. and PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondents. | |

This action was dismissed on August 26, 2009, because the habeas petition was a second or successive petition for which the petitioner had not first obtained permission from the Ninth Circuit to file, as required by 28 U.S.C. § 2244(b). The matter returns for the court's attention to petitioner's motion for reconsideration and motion for bail.

Petitioner moves for reconsideration of the order of dismissal, contending that his current petition is not a second or successive petition to the petition in Case No. C 06-2789 ("the 2006 petition") because he is challenging the calculation of his sentence. He is correct in theory that a challenge to the execution of a sentence would not be barred but incorrect in his assertion that he is challenging the execution of his sentence.

Determining whether a petition is a second or successive petition is not simply a matter of locating one or more previous petitions in the court's files; instead, the court must look at the particular decisions challenged in the current as well as past petitions. For example, a challenge to the execution of a sentence will not be barred as a second or successive petition simply because the petitioner has previously challenged the conviction or

1 sentence imposed.  See generally Hill v. State of Alaska, 297 F.3d 895, 898 (9th Cir. 2002) 2 (petition relating to calculation of mandatory parole release date was not successive or 3 second petition challenging conviction and sentence).  Although the term "second or 4 successive" in § 2244(b) is not defined in the statute, the Supreme Court and various circuit 5 courts "have interpreted the concept incorporated in this term of art as derivative of the 6 'abuse-of-the-writ' doctrine developed in pre-AEDPA cases. . . .  An 'abuse-of-the-writ' 7 occurs when a petitioner raises a habeas claim that could have been raised in an earlier 8 petition were it not for inexcusable neglect."  Hill, 297 F.3d at 898.

9 Under Hill, the petition in this action clearly falls within the second or successive 10 petition category.  In the current petition, he claims that the sentence imposed in 2000 11 violates the Apprendi rule and several constitutional provisions.  This is an attack on the 12 same conviction and sentence challenged in the 2006 petition.  The claim could have been 13 raised in the 2006 petition but for petitioner's inexcusable neglect.  In fact, petitioner had 14 asserted a challenge to his sentence in his direct appeal.  See Petition, Exh. J at 2/22/01 Cal. 15 Ct. App. Opinion, p. 1 ("Appellant further contends that the trial court violated the Sixth and 16 Fourteenth Amendments by enhancing his sentence on count one, since great bodily injury is 17 an element of the underlying offense.")  The current petition is not a challenge to the 18 execution of the sentence – he is not claiming that prison officials are not properly following 19 the sentence imposed by the trial court – but is instead a challenge to the sentence imposed. 20 This challenge to the sentence imposed is a second or successive petition.  See Burton v. 21 Stewart, 549 U.S. 147, 152 (2007) (Apprendi challenge to sentence was a second or 22 successive petition to earlier petition challenging conviction).

23 The motion for reconsideration is DENIED because the court's order of dismissal was 24 correct.  (Docket # 5.)  This remains a closed case.  The motion for bail or a reduction of bail 25 therefore is DENIED.  (Docket # 6.)

26 IT IS SO ORDERED.
27 DATED: October 23, 2009

Marilyn Hall Patel
United States District Judge

2